UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENESEE COUNTY, a municipal
corporation, and DEBORAH CHERRY,
in her capacity as Genesee County
Treasurer, on behalf of herself and
all others similarly situated,

        Plaintiffs,        CASE NUMBER: 12-14460
                              HONORABLE VICTORIA A. ROBERTS

v.

GREENSTONE FARM CREDIT SERVICES,
ACA, and GREENSTONE FARM CREDIT
SERVICES, FLCA,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION

On October 24, 2012, the Court entered an Order (Doc. #10) classifying this case as a companion to *Genesee County v. Federal Home Loan Mortgage Corp.*, No. 2:11-cv-14971 ("Case No. 14971) and transferring the case from Judge David M. Lawson pursuant to E.D. Mich LR 83.11.

On November 6, 2012, Defendants filed a Motion for Reconsideration, arguing that these cases are not companions as defined in E.D. Mich. Local Rule 83.11(b)(7)(A). Plaintiffs responded.

Defendant demonstrates a palpable defect by which the Court and the parties have been misled; the cases are not companions. *See* L.R. 7(g)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

1

E.D. Mich. Local Rule 83.11(b)(7)(A) defines companion cases as:

> (A) Companion cases are those in which it appears that:
> (i) substantially similar evidence will be offered at trial; or
> (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

E.D. Mich. Local Rule 83.11(b)(7)(A).

These cases are not companions under the first prong of this definition. Substantially similar evidence will not be offered at trial. Both cases involve separate unrelated defendants who allegedly violated state law by failing to pay property transfer taxes on unrelated real property. While these cases involve the same issue, it will not require the same presentation of evidence. To establish their claim, Plaintiffs will have to identify the specific property that they allege was subject to taxation against each Defendant. This in and or itself indicates Plaintiffs cannot present substantially similar evidence because each piece of real property is unique. Plaintiffs do not allege that Defendants acted in concert such that one Defendant action constitutes the action of the other. Thus, Plaintiffs cannot prove their case against one Defendant by the actions of another. *See RDI of Michigan, LLC v. Michigan Coin-Op Vending, Inc.*, No. 2:08-cv-11177, 2008 WL 1902059 at *2 (E.D. Mich. Apr. 29, 2008)(noting that while the same issues were presented in both cases, there was no indication that defendants were acting in concert, thus substantially similar evidence would not be offered).

Additionally, these cases are not companions under the second prong of 83.11(b)(7)(A); Defendants are not related and the cases, while similar, derive from separate transactions or occurrences. Even if the Court were to consider Defendants

related, these cases do not arise out of the same transaction or occurrence.  Plaintiff position is that both Defendants allegedly caused a similar injury, but this does not equate to the same transaction.

Plaintiffs do not dispute that these Defendants are not the same or that they are not related.  Rather, Plaintiffs argue that the issues and Defendants are virtually identical and this Court should retain the case because "the Court is well-versed in the transfer tax, the state exemption statute and the evolution of Fannie and Freddie since their creation as well as their federal exemption statutes."  But, this is not the standard under 83.11(b)(7)(A)(i)(ii).  These Defendants are created under separate federal statutes and are different entities.

Even if the Court were to consider Defendants related, these cases do not arise out of the same transaction or occurrence.  Plaintiff position is that both Defendants allegedly caused a similar injury, but this does not equate to the same transaction.

This case is not a companion under Local Rule 83.11(b)(7)(A)(i) or (ii).

For these reasons, the motion is **GRANTED**.  This case is transferred back to Judge Lawson.

**IT IS ORDERED.**

　　　　　　　　　　　　　　　　　　　　 /s/ Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  November 30, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 30, 2012.

S/Linda Vertriest
Deputy Clerk